## SEARS v. ALLEN ET AL.

1. **Mortgage**: PAYMENT: CANCELLATION: EVIDENCE. Action to secure the cancellation of a mortgage on the ground that it had been paid by the delivery of property to third parties, pursuant to an agreement with the mortgagee. Upon consideration of the evidence, (see opinion,) *held* that a decree was properly entered according to the prayer of plaintiff's petition.

*Appeal from Marshall Circuit Court.*

THURSDAY, MARCH 17.

ACTION in equity to obtain a decree declaring a certain mortgage on real estate, executed by the plaintiff to the principal defendant, satisfied of record, on the ground that it had been paid. The relief asked was granted, and the defendant, Josephine J. Allen, appeals.

*Caswell & Meeker*, for appellant.

*Henry Stone* and *J. H. Blair*, for appellee.

SEEVERS, J.—There is no material question of law presented in the record. The pivotal question to be determined is one of fact. Almost every proposition affirmed by either party is controverted by the other; but, for the purposes of this opinion, it will be conceded that the appellant, who is the wife of E. W. Allen, owned certain real estate in Marshalltown, which she, either with or without consultation with her husband, sold and conveyed to the plaintiff. A part

of the consideration was paid in cash and by the assumption of a mortgage, and for the residue the plaintiff executed a promissory note to the appellant, dated August 14, 1882, for $3,400, with six per cent interest, due January the 1st, 1884. Upon the note was endorsed an agreement to accept in payment a car load of barbed fence wire at a named price; and the plaintiff claims that there was an oral agreement to take another car of such wire in payment of the note, and that he delivered the wire in accordance with the contract. If there was such a contract, and the plaintiff has performed the same, then the note is paid.

At the time of the sale and contract in relation thereto, including the delivery of both cars of wire, E. W. Allen resided in Portland, Oregon, and the contract was made in Marshalltown by Mrs. Allen, as the plaintiff claims, with the knowledge, consent and approval of her husband, and he so testifies. The appellant denies that her husband had any knowledge of the sale or agreements in relation thereto, and in substance they so testify. At the time the sale was made, and until after the second car of wire is claimed to have been delivered, E. W. Allen was the general manager of Seymour, Sabin & Co., dealers to some extent in barbed wire. Under the directions of E. W. Allen, the first car load of wire was shipped to Seymour, Sabin & Co., who paid the appellant therefor, as she claims and concedes.

The first material question we conceive to be is, whether there was a subsequent contract to take in payment of the note a second car of wire. The plaintiff testifies positively that the appellant so agreed. There is no doubt or uncertainty in his evidence in this respect. Mrs. Allen testifies that "this conversation as to selling more wire was had with Dr. Sears while riding with him in his buggy, after we had been to transact some business. I rode home with Dr. Sears soon after the execution of the mortgage. I suppose we talked on the way, but I do not remember the particulars of the conversation. I never stated to Dr. Sears that any

arrangement he could make with E. W. Allen about taking a second car of wire on said note would be satisfactory to me, nor did I say that in substance. Sears said he would like to introduce his wire in that part of the country. I told him that perhaps Allen would order more from him for the use of the firm there." Taking this denial altogether, and all the circumstances in the case, we do not regard it as sufficient to overcome the positive evidence of the appellant. That there was some conversation about more wire must be conceded, and also that it took place substantially as the plaintiff testifies. Now, the only dispute is as to its purport. While the appellant testifies with some degree of positiveness and certainty, yet she admits that she did not remember the particulars of the conversation, and therefore we think the preponderance of the evidence as to the agreement to take the second car of wire is with the plaintiff. In accordance with what he believed was the understanding, the plaintiff wrote to E. W. Allen, and, in substance, stated that if he would send him the order of Seymour, Sabin & Co. for the same, he would send him another car of wire, and he could take out of it the balance due him on the house. The original letter was not introduced, but a letter-press copy was. Whether such copy was admissible is doubtful, but we do not understand the appellant to make any objection on this ground in this court. If mistaken in this, the copy may be regarded as excluded. It is certain, however, that E. W. Allen wrote to the plaintiff, and acknowledged the receipt of a letter from him, and stated: "You may ship us a car load of wire," on certain stated terms and conditions. This letter was signed, " E. W. Allen." What he meant by the word "us" is not entirely clear. The order, regarding it as one, did not purport on its face to be given by "Seymour, Sabin & Co.," although Allen was general manager of the business.

The plaintiff, however, shipped a car load of wire to Seymour, Sabin & Co., which was received by them, and the

amount due on the note credited on their books to Allen. But, as we understand, a credit was first placed on such books for the price of the wire to a barbed wire company by whom the shipment was made under the directions of the plaintiff. It, however, was charged to him on the books of said company. Allen testifies that the credit made on the books to him was without his knowledge or consent, but in this we think he is mistaken. The preponderance of the evidence is otherwise. Mrs. Allen testifies that she had no knowledge of such credit, and that her husband was not her agent; but we think the plaintiff had the right to believe that he was, and to deal with him accordingly, because we find that she agreed after the sale that any arrangement made with her husband would be satisfactory to her. This agreement had not been in any respect changed or modified. We deem it immaterial whether Seymour, Sabin & Co. have paid for the wire, except as above stated, or not, for, as between the plaintiff and defendant, it must be so regarded. There is other evidence which we think supports the conclusion reached, to which we have not referred. AFFIRMED.